E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JEREMIAH LEVINE (Cal. Bar No. 288377)
SARA VARGAS (Cal. Bar No. 313370)
Assistant United States Attorneys
Violent & Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2400
     Facsimile: (213) 894-3713
     E-mail:  Sara.Vargas@usdoj.gov
              Jeremiah.Levine@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 23-00331-DSF |
|---|---|
| Plaintiff, | <u>UNITED STATES' PROPOSED VOIR DIRE FOR TRIAL OF FEREIDOUN KHALILIAN</u> |
| v. | Trial Date: October 17, 2023 |
| FEREIDOUN KHALILIAN, aka "Prince Fred," "Fred," | Trial Time: 8:30 a.m.<br>Location:   Courtroom of the Hon.<br>            Dale S. Fischer |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Jeremiah Levine and Sara Vargas, hereby submits the United States' Proposed Voir Dire for the Trial of defendant FEREIDOUN KHALILIAN.

//

//

In addition to the Court's standard questions about the background of each juror, the United States respectfully requests the Court ask all members of the prospective jury panel the following questions, which are relevant to the fair deliberation of this matter.

Dated: 10/9/2023                    Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

 /s/
SARA VARGAS
JEREMIAH LEVINE
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**UNITED STATES' REQUESTED *VOIR DIRE* QUESTIONS**

**I.   Attitudes Toward the Charged Offenses and Evidence**

1. This case involves the use of interstate commerce facilities, that is, telephone and the Internet, in the commission of murder-for-hire. Is there anything about the charge in this case that makes you unwilling or reluctant to serve as a juror?

2. Other than what you have heard here in open court, have you read or heard anything about this case whatsoever? If "Yes," please described what you have read or heard about this case.

3. The investigation in this case involved the use of an undercover law enforcement officer. Do you have any objection to the use of undercover officers to investigate crimes? If yes, please explain.

4. Do you think it is improper or unfair for an employee to report to law enforcement about his employer?

5. Do you think it is ever ok for a person to record a telephone conversation they have with someone else?

   a. What if the conversation being recorded was threatening in nature?

6. Do you think the government's use of legal but secret recordings to investigate crimes is improper or unfair in any way?

7. Do you or someone close to you have experiences involving violent crime that may make it difficult for you to be a fair and impartial juror in this case?

8. Have you ever, or has anyone close to you, been accused of or convicted of a violent crime, including murder-for-hire?

   a. If so, would that experience make it difficult for you to be a fair and impartial juror in this case?

3

9. Some of the witnesses in this case will be federal law enforcement officers.

    a. Is there anything you have experienced, seen, heard, or read that would prevent you from fairly assessing the credibility of the officers who might testify in this case?

    b. Would you consider the testimony of a law enforcement witness to be more or less credible than the testimony of a witness who was not a member of law enforcement?

10. Do you understand that it is not necessary for the United States to introduce or rely on "forensic" evidence like fingerprints or DNA in order to prove someone engaged in a crime?

**II. Attitudes about the Criminal Justice System**

11. Have you, or has anyone close to you, been involved in a criminal case, either as a victim, defendant, or witness?

    a. What type of case was it?
    b. What was your relationship to that person or case?
    c. When and where did the case take place?
    d. Was anyone arrested?
    e. Who was the arresting agency, if you know?

12. Have you, or has anyone close to you, been accused, arrested, indicted, charged, tried, or convicted in a criminal case? (other than infractions or traffic offenses) (You may ask to approach the bench to answer this question, if you prefer.)

    a. What type of case was it?
    b. What was your relationship to that person or case?
    c. When and where was the case?
    d. What was the accusation?
    e. What was the outcome?

4

      f.   Has that experience caused you any feelings regarding law enforcement that might make it difficult for you to be a fair and impartial juror in this case?

13. Do you, or does anyone close to you, have a pending complaint, lawsuit, case, or claim against any agency of the United States government or against any state or local agency?

14. Do you believe that you have, or anyone close to you has, ever been falsely accused of committing a crime?

15. Have you, or has anyone close to you, ever had any unpleasant or negative experience with law enforcement?  (You may ask to approach the bench to answer this question, if you prefer.)

      a.   If so, has that experience caused you any feelings regarding law enforcement that might make it difficult for you to be a fair and impartial juror in this case?

16. Is anyone close to you a current or former prosecutor, a criminal defense attorney, a judge, a private investigator, a police officer, or a law enforcement agent?

      a.   How often do you communicate with that person about his or her work?

      b.   Is there anything about your relationship with that person that would prevent you from being a fair and impartial juror in this case?

17. Do you think that the criminal justice system is generally unfair or needs to be changed?

      a.   If "Yes," please explain.

      b.   Would these feelings make it difficult for you to be a fair and impartial juror in this case?

1    18.  Have you, or anyone close to you, been employed in or
2 studied the fields of law, counseling, psychiatry, psychology, social
3 work, sociology, criminology, or criminal justice?  If "Yes," please
4 state who and describe.

**III. Attitudes about Law Enforcement**

6    19.  Have you, or has anyone close to you, had a negative
7 experience involving the police or any member of law enforcement?
8         a.   What was the experience?
9         b.   Who had the experience?
10        c.   When and where was the experience?
11        d.   Which law enforcement agency was the experience with?
12        e.   What happened as a result of that experience?
13   20.  You may hear testimony in this case from law enforcement
14 officers with the United States Bureau Federal Bureau of
15 Investigation ("FBI").  Is there anything you have experienced, seen,
16 heard, or read about any of FBI or its employees that would prevent
17 you from fairly assessing the credibility of any of its agents or
18 employees?
19   21.  Would you automatically give greater weight, or less
20 weight, to the testimony of a law enforcement officer?
21   22.  Do you have any feelings toward law enforcement or the
22 criminal justice system, so strong that they would affect your
23 ability to consider the evidence in this case and base your verdict
24 only on the evidence in this case?
25   23.  This case may involve testimony from a person who has been
26 convicted of fraud.  Is there anything you have experienced, seen,
27 heard, or read that would prevent you from fairly assessing the

credibility of a person convicted of fraud who might testify in this case?

    a.   Would these feelings make it difficult for you to be a fair and impartial juror in this case?

**IV.  Knowledge of Potential Witnesses**

24. Do you know or are you familiar with any of the following individuals, who may be witnesses in this case? *[The Court is respectfully requested to read the Government's and defendant's witness lists.]*

**V.  Reaction to Joint Statement of the Case**

25. Is there anything about the charges in this case or this type of case that may cause you to lean in favor of or against either the prosecution or the defendant in this case?

**VI.  Ability to Serve**

26. Is there anything about the charges or defendant in this case that makes you unwilling or reluctant to serve as a juror?

27. Do you know of any reason you might be prejudiced for or against the United States or the defendant in this case?

28. In the eyes of the law, the United States and the defendant are to be treated alike and are entitled to the same honest, fair, and impartial treatment. If selected to serve as a juror in this case, would you follow that principle?

29. The role of a juror in a case of this type is to decide whether or not the law was broken, not whether the law itself is a good law or a bad law or should be changed. Is there anyone here who disagrees with that statement?

30. If the Court instructs you that your verdict must not be based on sympathy, passion, or prejudice, but only on the evidence in

this case, will you be able to follow that instruction?

31. Is there any reason why, irrespective of your personal feelings about any issue that may arise in this case, you would be unable or unwilling to follow the law as the Court gives it to you during this case?

32. There are some people who, for moral, ethical, religious, or other personal reasons, may believe that it is improper or may find it difficult to pass judgment on the conduct of others. Do you hold any such beliefs or might you be affected by such beliefs?

33. Do you have any reservations about sitting in judgment of an accused person and returning a verdict?

34. Is there anyone here who, believing the defendant was guilty, would nevertheless vote for a verdict of not guilty?

35. Is there anyone here who, believing the defendant was not guilty, would nevertheless vote for a verdict of guilty?

36. Do you understand that any potential punishment for the offenses charged in the indictment is a matter that should never be considered by the jury in any way in arriving at an impartial verdict as to the guilt or innocence of the accused? Can all of you put aside concerns about potential punishment in arriving at a fair and impartial verdict in this case?

37. Do you have any strong feelings as a result of any personal, philosophical, religious, or other believes about the subject of this case that would make you unable to serve as a fair and impartial juror in this case? If "Yes," please explain.

38. Would you find it difficult to fairly judge the testimony of a witness, if after seeing the witness, you did not like the witness' appearance, attitude, background, or lifestyle?

39. Knowing what you now know about this case, do you have any reservations about your ability to hear the evidence, deliberate, and return a fair and impartial verdict?

40. Is there anything that has not been discussed today that you feel might affect your ability to sit as a fair and impartial juror in this case?

41. Is there any other information that you feel could be relevant to your role as a juror in this case?