CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
Jonathan C. Aminoff (Bar No. 259290)
(E-Mail: Jonathan_Aminoff@fd.org)
Adam Olin (Bar No. 298380)
(E-Mail: Adam_Olin@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
FEREIDOUN KHALILIAN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>FEREIDOUN KHALILIAN,<br><br>　　　　　Defendant. | Case No. 2:23-CR-331-DSF<br><br>**DEFENDANT FEREIDOUN KHALILIAN'S DISPUTED PROPOSED JURY INSTRUCTION** |

　　　Defendant Fereidoun Khalilian, through counsel, hereby files Disputed Proposed Jury Instruction and justification for its inclusion in the final instructions.

　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　CUAUHTEMOC ORTEGA
　　　　　　　　　　　　　　　　Federal Public Defender

DATED: September 18, 2023　　By  /s/ Adam Olin

　　　　　　　　　　　　　　　　JONATHAN C. AMINOFF
　　　　　　　　　　　　　　　　ADAM OLIN
　　　　　　　　　　　　　　　　Deputy Federal Public Defender
　　　　　　　　　　　　　　　　Attorney for FEREIDOUN KHALILIAN

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 24 | | Murder for Hire | Ninth Circuit Model Criminal Jury Instructions, No. 16.7 (modified) | 1 |

COURT'S INSTRUCTION NO. \_\_\_\_\_

DEFENDANT'S PROPOSED INSTRUCTION NO. 24

The defendant is charged in the indictment with using interstate commerce facilities in the commission of a murder-for-hire in violation of Section 1958 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant used facilities in interstate commerce, namely, telephone and the Internet;

Second, the defendant did so with the intent that murder be committed <u>in the future</u>; and

Third, the defendant intended that the murder be committed in exchange for money.

Ninth Circuit Model Criminal Jury Instructions, No. 16.7 (2022 ed.) [Murder for Hire (18 U.S.C. § 1958)] (modified as reflected in underlined portion)

1

**Defendant's Justification for Proposed Instruction No. 24**

Mr. Khalilian respectfully requests a minor addition to the model instruction that follows Ninth Circuit law while ensuring the jury understands which evidence may establish a violation of the statute and which evidence cannot. The government's theory is that Mr. Khalilian asked M.S. to kill J.E. during a March 16, 2023 call, that M.S. and J.E. staged a killing on March 17, 2023, and that M.S. told Mr. Khalilian on March 17, 2023 that the killing took place. Based on counsel's review of discovery and discussions with the government, Mr. Khalilian expects the government to introduce evidence at trial of uses of interstate commerce facilities (e.g., electronic payments) taking place after the "killing" in order to support its theory that Mr. Khalilian hired M.S. to kill J.E. on the March 16, 2023 call. That evidence may very well be admissible for that purpose, but there is a risk the jury may believe it can convict Mr. Khalilian of an offense under § 1958 based on post-"killing" uses of interstate commerce facilities using the unmodified model instruction, which only asks whether the defendant used facilities "with the intent that murder be committed." Here, the parties agree that a post-"killing" use of interstate commerce facilities cannot establish a violation of the statute. *See also United States v. Driggers*, 559 F.3d 1021, 1023 (9th Cir. 2009). Given that, Mr. Khalilian believes the modest clarification that he must have the intent to commit a killing in the future at the time of the use of the interstate commerce facilities, while a slight departure from the model instruction, correctly describes the applicable law and protects against juror confusion in light of multiple uses of interstate commerce facilities.