E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JEREMIAH LEVINE (Cal. Bar No. 288377)
SARA VARGAS (Cal. Bar No. 313370)
Assistant United States Attorneys
Violent & Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2400
     Facsimile: (213) 894-3713
     E-mail:  Sara.Vargas@usdoj.gov
              Jeremiah.Levine@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-CR-331-DSF |
| Plaintiff, | GOVERNMENT BRIEF REGARDING HEARSAY BAR ON ADMISSIBILITY OF T.V.'S STATEMENT |
| v. | |
| FEREIDOUN KHALILIAN,<br>  aka "Prince Fred,"<br>  "Fred," | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Jeremiah Levine and Sara Vargas,

///

hereby files its brief regarding the hearsay bar on admissibility of T.V.'s statement.

Dated: October 26, 2023          Respectfully submitted,

                                 E. MARTIN ESTRADA
                                 United States Attorney

                                 MACK E. JENKINS
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                    /s/ Jeremiah Levine
                                 JEREMIAH LEVINE
                                 SARA VARGAS

                                 Assistant United States Attorneys

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

FBI Special Agent Ramel Moore is a government witness. He is currently testifying on cross-examination by the defense. Through Agent Moore, the defense seeks to admit witness T.V.'s statement via text message to defendant Feredoun Khalilian ("defendant"). The statement is below.

> **5:02** ◀ Search   ·ıl 5GE
> 
> 650 Khalilian Don't...
> 
> Mon, Mar 20
> 
> 📞 Missed voice call at 10:49 AM
> 
> **Fred K.**
> I called you   10:49 AM
> 
> T.    V.
> Already have screenshots. And idk if you're that dumb to believe staged photos or if this is just your plan to fuck everyone over by pretending to be scared and dip. But not going to work for you.   1:36 PM ✓✓
> 
> **Fred K.**
> Do me a favor
> Duck off   1:37 PM
> 
> T.    V.
> Criminal charges follow you internationally   1:38 PM ✓
> 
> You fuck off   1:38 PM

1

In the text conversation, T.V. made an out-of-court statement. The defense indicated that it is offered for effect of the listener, and not for the truth, and that it is therefore not hearsay.

That argument fails because there is foundation to indicate that T.V.'s statement had an effect on the listener. United States v. Moi, 2022 WL 704220, at *4 (D. Alaska Mar. 8, 2022) (barring evidence where no foundation laid to establish effect on the listener). Defendant did not call Sherwood and say "I know the photos are staged." On the contrary, defendant dismissed T.V's statement with the response, "fuck off," so it is not clear that he considered her statement substantively at all. And even if he did think about it, his dismissive response suggests that T.V's statement did not impact him. Even if there is evidence that defendant later believed the murder scene was fake before his arrest, that would not be enough to admit the proffered text. Rather, the proof would have to indicate that the text itself directly effected defendant. For the bar on hearsay to have meaning, the "effect on the listener" exception must only apply when there is evidence of effect on the listener. There is none here.

This evidence should also be barred under Federal Rule of Evidence 403 because it is confusing to the jury and a waste of time. Defendant seeks to admit it through Agent Moore, which would require a significant digression by the defense into T.V., which could easily require redirect and recross. For example, to authenticate this document, Agent Moore would have to testify about searching T.V., which would lead to who T.V. is, why Agent Moore interviewed her, why she consented, how friendly or antithetical she was to the government

and defendant and why, how Agent Moore searched her phone, and his thoroughness and methods in doing so.  T.V.'s statement is also confusing to any reader on its face, and any argument that there is some attenuated effect on the listener is likely to be ever more confusing.  For these reasons, Rule 403 prohibits admission.