CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
JONATHAN C. AMINOFF (Bar No. 259290)
(E-Mail: Jonathan_Aminoff@fd.org)
ADAM OLIN (Bar No. 298380)
(E-Mail: Adam_Olin@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
FEREIDOUN KHALILIAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> FEREIDOUN KHALILIAN, <br><br> Defendant. | Case No. 2:23-CR-331-DSF <br><br> **DEFENDANT'S MEMORANDUM OF LAW RE: GOVERNMENT'S REQUEST TO REOPEN** |

## I. INTRODUCTION

The government made a request under *Napue v, Illinois*, 360 U.S. 264 (1959), which relates to a defendant's due process rights and false testimony, to reopen its case in order to correct Agent Moore's testimony. However, the parties' review of the rough transcript clarified that the concluding answers of Agent Moore's re-re-direct at issue were truthful and accurate. The government has since clarified during a meet-and-confer that it is now requesting the Court to exercise its discretion to reopen the government's case-in-chief.

The Court should decline to exercise its discretion in order to permit the government to introduce cumulative evidence. From meeting with the government, counsel understand that the government requests reopening in order to elicit testimony from Agent Moore that there is evidence of calls occurring between Mr. Khalilian and Mr. Sherwood in March prior to March 16, 2023. However, that evidence was already offered through the testimony of Mr. Sherwood, obviating the need for the extraordinary remedy of reopening the government's case which would cause Mr. Khalilian prejudice by highlighting for the jury this particular piece of testimony. The Court should deny the government's request.

## II. ARGUMENT

### A. Reopening a Case Is an Extraordinary Remedy Exercised With Extreme Reluctance

"Reopening a case for the purpose of introducing overlooked evidence must be done with extreme reluctance." *United States v. Hernandez-Meza*, 720 F.3d 760, 7764 (9th Cir. 2013) (cleaned up) (reversing district court's decision to reopen case to allow government to offer evidence to rebut defense). This "extreme reluctance" derives from the risk of "undue emphasis given to the introduced evidence with consequent distortion of the evidence as a whole and the possibility that such prejudice will result to the other party as to require a mistrial." *Eason v. United States*, 281 F.2d 818, 822 (9th Cir. 1960). For that reason, courts must reject a party's request to reopen when "there is insufficient

1

reason" for the failure to offer the evidence at the appropriate time. *See United States v. Orozco*, 764 F.3d 997, 1002 (9th Cir. 2014).

## B. The Court Should Not Reopen the Government's Case-In-Chief to Introduce Cumulative Evidence

There is no reason to reopen here. For one, the requested testimony—that Mr. Sherwood and Mr. Khalilian had calls prior to March 16—is not even "overlooked;" it is cumulative. Mr. Sherwood already testified to this effect. There is no reason, let alone a sufficient one, that the government could not have offered the proposed testimony during one of its three opportunities to question Agent Moore. And the government was the final party to question him; it cannot hence claim that it lacked an opportunity to respond to testimony that Mr. Khalilian elicited. The request instead appears to be a thinly veiled attempt for a do-over of the re-re-direct of Agent Moore. There is no reason to invoke the extraordinary remedy of reopening a case-in-chief to offer this repetitive testimony.

Mr. Khalilian would moreover be prejudiced were the Court to permit the government to reopen its case-in-chief. As it stands, the jury has been informed by the Court that it is in possession of all testimony and evidence with only closing arguments remaining. While the jury is not yet deliberating, individual jurors are naturally thinking about the overall presentation and drawing conclusions from what they have seen. Were the government permitted to reopen, the jury would draw the inference that the new testimony, being offered four days after the parties rested, is of such special importance that the Court deviated from the plan it described. And given that the timeline of the events of March 2023 is critical, the jury will inevitably elevate this piece of testimony in relation to all else as it considers whether Mr. Sherwood's testimony about the frequency and nature of the calls he had with Mr. Khalilian is credible.

//
//
//

2

### III. CONCLUSION

For the foregoing reasons, Mr. Khalilian respectfully requests that the Court deny the government's request to reopen its case-in-chief.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: October 28, 2023    By  */s/ Adam Olin*
JONATHAN C. AMINOFF
ADAM OLIN
Deputy Federal Public Defenders
Attorneys for FEREIDOUN KHALILIAN