E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SARA VARGAS (Cal. Bar No. 313370)
JEREMIAH LEVINE (Cal. Bar No. 288377)
Assistant United States Attorneys
Violent & Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-8611
    Facsimile: (213) 894-3713
    E-mail:  Sara.Vargas@usdoj.gov
             Jeremiah.Levine@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 23-00331-DSF |
| Plaintiff, | MEMORANDUM OF LAW IN SUPPORT OF REQUEST TO RE-OPEN TESTIMONY; PROPOSED EXHIBIT |
| v. | |
| FEREIDOUN KHALILIAN, aka "Prince Fred," "Fred," | Hearing Date: 10/30/2023<br>Hearing Time: 1:30 p.m.<br>Location:    Courtroom of the<br>             Hon. Dale S. Fischer |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Sara Vargas and Jeremiah Levine, hereby files its Memorandum of Law in Support of Request to Re-Open Testimony.

//

//

//

This filing is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: 10/28/2023                    Respectfully submitted,

                                     E. MARTIN ESTRADA
                                     United States Attorney

                                     MACK E. JENKINS
                                     Assistant United States Attorney
                                     Chief, Criminal Division


                                          /s/
                                     SARA VARGAS
                                     JEREMIAH LEVINE
                                     Assistant United States Attorneys

                                     Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.    INTRODUCTION**

3     The government respectfully requests leave to briefly reopen its

4  case to supplement the record in response to the defense's motion for

5  acquittal under Federal Rule of Criminal Procedure 29.  If this

6  motion is granted, the government would seek to move two new exhibits

7  into the record, attached to this motion as Exhibits A and B.[1]  It

8  would also ask the witness most recently on the stand, FBI Special

9  Agent Ramel Moore, a limited number of questions.  The government

10 believes that the two new exhibits and brief testimony will further

11 clarify the venue issue for the record.  Accordingly, even if the

12 Court denies the defense's Rule 29 motion, the government

13 respectfully asks for leave to briefly reopen its case.

14

**II.   STATEMENT OF RELEVANT FACTS**

15     Trial in the above-captioned case began on October 24, 2023.  On

16 Friday, October 27, 2023, the day began with the defense's continued

17 cross-examination of Special Agent Moore, one of the case agents.

18 Following re-direct and re-cross examinations of Special Agent Moore,

19 both parties rested, and the defense made a Rule 29 motion based on

20 lack of venue.  Government counsel requested leave to briefly reopen

21 testimony.[2]  The Court ordered further briefing on both the reopening

22

23     [1] Exhibit A is a WhatsApp screen shot that Special Agent Moore
   is expected to say he saw on witness Michael Sherwood's cell phone
24 and was provided by Mr. Sherwood.  Exhibit B contains WhatsApp
   messages from the Cellebrite extraction of one of defendant's cell
25 phones discussed and authenticated by FBI Digital Forensic Analyst
   Chris Nam.  The materials in Exhibits A and B were disclosed to the
26 defense in discovery before trial.

27     [2] The government's request to reopen testimony was initially
   based on a mistaken belief that it had inadvertently elicited
28 incorrect testimony in one of its re-direct examinations.  Upon
   further examination of the Court Reporter's draft transcript, both
   *(footnote cont'd on next page)*

1   of testimony and the Rule 29 motion.  (CR 128-29.)  The instant

2   motion addresses the request to reopen testimony; the government's

3   brief regarding the defense's Rule 29 motion will be filed

4   separately.

5   **III. ARGUMENT**

6       **A.   Applicable Law**

7       The Ninth Circuit has held that one purpose of a Rule 29 motion

8   for acquittal is to alert the government to a deficiency in its case

9   and allow it to reopen to correct the deficiency.  United States v.

10  Moreno, 243 F.3d 551 (9th Cir. 2000).  The Court wrote,

> 11  Had the alleged insufficiency of the evidence been
>     specifically pointed out to the court by motion [for a
> 12  judgment of acquittal] made at the close of evidence[,] the
>     court could have permitted the government to reopen and put
> 13  [the witness] back on the stand to testify. . . .  Indeed
>     one of the salutary purposes of the motion for judgment of
> 14  acquittal is to give the court the opportunity to correct
>     error at the time and on the spot.

15

16  Id. (citing United States v. Davis, 583 F.2d 190, 195-96 (5th Cir.

17  1978) (cited approvingly in United States v. Tisor, 96 F.3d 370, 380

18  (9th Cir. 1996)).

19      A district court has broad discretion in determining whether to

20  allow the government to reopen its case for the purpose of

21  introducing testimony and evidence, including evidence that would

22  otherwise leave the jury with a misleading impression that such

23  evidence is lacking.  See Zenith Radio Corp. v. Hazeltine Research,

24  Inc., 401 U.S. 321, 331 (1971) ("a motion to reopen to submit

25  additional proof is addressed to [the trial judge's] sound

26

27  _____
    parties agreed that the witness's testimony was true and accurate.
    However, the government continues to believe that the questions
28  government counsel asked were misleading, and requests leave to
    supplement the record.

1  discretion"); <u>United States v. Suarez-Rosario</u>, 237 F.3d 1164, 1167

2  (9th Cir. 2001); <u>United States v. Sisack</u>, 527 F.2d 917, 919 (9th Cir.

3  1975) (quotation marks omitted) (citing cases).

4      <u>United States v. Sisack</u>, an analogous Ninth Circuit case, is

5  instructive here.  In Sisack, at the close of the government's case,

6  defense counsel moved for a judgment of acquittal because the

7  government had produced no evidence of a federal grand jury's

8  authority to investigate local police conduct.  The court took the

9  motion under submission and subsequently, over defense objection,

10 granted the government's motion to reopen the case for further direct

11 examination of a witness who had testified in the prosecution's case

12 in chief.  The witness was allowed to testify for the first time

13 regarding a topic not inquired about on direct examination.  <u>Id.</u> at

14 920-21.

15     The Ninth Circuit affirmed the district court's decision to

16 reopen the case, finding there was "clearly" no abuse of discretion.

17 <u>Id.</u> at 920.  In so holding, the Court articulated three factors to be

18 considered when reviewing a district court's decision to reopen:

19 (1) the possibility of undue emphasis to the newly admitted

20 additional testimony; (2) the timeliness of the motion; and (3) the

21 materiality of the additional testimony.  <u>Id.</u> at 919-20 (citing <u>Eason</u>

22 <u>v. United States</u>, 281 F.2d 818, 822 (9th Cir. 1960)).

23     While the Ninth Circuit has found that reopening testimony could

24 be improper, it has rarely done so, and those cases are

25 distinguishable.  For example, in <u>Eason v. United States</u>, 281 F.2d

26 818 (9th Cir. 1960), the defendant-appellant complained on appeal

27 that he should have been permitted to reopen testimony.  There,

28 closing statements had been given and the case had been submitted to

3

1  the jury, which had already been deliberating for hours.  In fact,
2  defendant-appellant's desire to reopen the case was spurred by a
3  question from the jury, and he wished to elicit testimony from a
4  witness to respond to the jury's question.  The trial court declined
5  to exercise its discretion and reopen the case, and the Ninth Circuit
6  found there was no abuse of discretion there.  Id. at 821-22; see
7  also Sisack, 527 F.2d at 919-20 (distinguishing Eason).  Indeed, the
8  Ninth Circuit has held that a district court did not abuse its
9  discretion when it allowed the government to reopen its case over a
10  defendant's objection after closing arguments and jury instructions
11  had already been given.  See United States v. Vroman, 904 F.2d 711,
12  711 (9th Cir. 1990) (unpublished); see also United States v.
13  McQuisten, 795 F.2d 858, 863 (9th Cir. 1986) (allowing prosecutors to
14  reopen to admit exhibit, even in the absence of a witness)
15  (unpublished).

16      **B.  Analysis**

17      The Sisack factors weigh in favor of allowing the government to
18  briefly reopen its case.  Here, as in Sisack, there is little
19  likelihood here of undue importance given to the expected testimony.
20  Proceedings before the jury concluded on Friday, October 27, 2023
21  with Special Agent Moore's testimony.  If permitted to reopen, the
22  government would seek testimony from Special Agent Moore, the witness
23  who testified most recently before the jury.  And the topic of some
24  of the expected testimony — Mr. Sherwood's communications with the
25  defendant during the time charged in the indictment — was precisely
26  the subject of Special Agent Moore's testimony right before the case
27  closed.  Thus, it may very well appear to the jury that the testimony
28  sought is merely a continuation of the previous day's trial.

4

The government's motion to reopen was timely because it was made right after the Rule 29 motion was granted, which itself was granted immediately after the close of the prosecution's case.  See, e.g., United States v. Cuesta, No. 1:06-CR-40 AWI, 2007 WL 2729853, at *11 (E.D. Cal. Sept. 19, 2007), aff'd, 286 F. App'x 358 (9th Cir. 2008) (unpublished).  And the evidence sought to be introduced is clearly material; "defense conceded as much when it moved for a judgment of acquittal on the basis that the government's case-in-chief lacked such evidence."  Sisak, 527 F.2d at 920.

**IV.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court permit the government to briefly reopen its case to introduce two exhibits and seek testimony from Special Agent Moore.