E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SARA VARGAS (Cal. Bar No. 313370)
JEREMIAH LEVINE (Cal. Bar No. 288377)
Assistant United States Attorneys
Violent & Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-8611
    Facsimile: (213) 894-3713
    E-mail:  Sara.Vargas@usdoj.gov
             Jeremiah.Levine@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                  UNITED STATES DISTRICT COURT

              FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,            CR No. 23-00331-DSF

            Plaintiff,               *AMENDED* MEMORANDUM OF LAW IN
                                     SUPPORT OF REQUEST TO RE-OPEN
            v.                       TESTIMONY; *AMENDED* PROPOSED
                                     EXHIBITS
FEREIDOUN KHALILIAN,
  aka "Prince Fred,"                 Hearing Date: 10/30/2023
  "Fred,"                            Hearing Time: 1:30 p.m.
                                     Location:    Courtroom of the
            Defendant.                            Hon. Dale S. Fischer

        Plaintiff United States of America, by and through its counsel

of record, the United States Attorney for the Central District of

California and Assistant United States Attorneys Sara Vargas and

Jeremiah Levine, hereby files its Amended Memorandum of Law in

Support of Request to Re-Open Testimony and Amended Proposed

Exhibits.

//

//

//

This filing is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: 10/29/2023                    Respectfully submitted,

                                     E. MARTIN ESTRADA
                                     United States Attorney

                                     MACK E. JENKINS
                                     Assistant United States Attorney
                                     Chief, Criminal Division


                                     _____/s/_____
                                     SARA VARGAS
                                     JEREMIAH LEVINE
                                     Assistant United States Attorneys

                                     Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2 **I.     INTRODUCTION**

3      The government respectfully requests leave to briefly reopen its

4 case to supplement the record in response to the defense's motion for

5 acquittal under Federal Rule of Criminal Procedure 29.  If this

6 motion is granted, the government would seek to move two new exhibits

7 into the record, attached to this motion as Exhibits A and B.[1]  It

8 would also ask the witness most recently on the stand, FBI Special

9 Agent Ramel Moore, a limited number of questions.  The government

10 believes that the two new exhibits and brief testimony will further

11 clarify the venue issue for the record.  Accordingly, even if the

12 Court denies the defense's Rule 29 motion, the government

13 respectfully asks for leave to briefly reopen its case.

14 **II.    STATEMENT OF RELEVANT FACTS**

15      Trial in the above-captioned case began on October 24, 2023.  On

16 Friday, October 27, 2023, the day began with the defense's continued

17 cross-examination of Special Agent Moore, one of the case agents.

18

19

20      [1] Exhibit A is a WhatsApp screen shot that Special Agent Moore
is expected to say he saw on witness Michael Sherwood's cell phone
and was provided by Mr. Sherwood.  Exhibit B contains WhatsApp

21 messages from the Cellebrite extraction of one of defendant's cell
phones discussed and authenticated by FBI Digital Forensic Analyst

22 Chris Nam.  The materials in Exhibits A and B were disclosed to the
defense.  Specifically, Exhibit A was produced on October 25, 2023 at

23 7:31 a.m. after it was provided by the FBI to government counsel the
prior evening, on October 24, 2023 9:45 p.m.  Mr. Sherwood provided

24 the material in the exhibit to Special Agent Moore on October 24,
2023 at 8:09 p.m. Mr. Sherwood had not yet taken the stand.  The

25 entire contents of defendant's two phones — including WhatsApp
communications between defendant and Mr. Sherwood, were disclosed to

26 the defense on August 24, 2023.  The items in Exhibit B were produced
on August 24, 2023.  Should the Court decline to exercise its

27 discretion and allow the government to admit Exhibit A into evidence,
the government would respectfully ask for leave to ask Special Agent

28 Moore about its contents, as they are within the scope of his
knowledge.

Following re-direct and re-cross examinations of Special Agent Moore, both parties rested, and the defense made a Rule 29 motion based on lack of venue.  Government counsel requested leave to briefly reopen testimony.[2]  The Court ordered further briefing on both the reopening of testimony and the Rule 29 motion.  (CR 128-29.)  The instant motion addresses the request to reopen testimony; the government's brief regarding the defense's Rule 29 motion will be filed separately.

**III. ARGUMENT**

    **A.   Applicable Law**

The Ninth Circuit has held that one purpose of a Rule 29 motion for acquittal is to alert the government to a deficiency in its case and allow it to reopen to correct the deficiency.  United States v. Moreno, 243 F.3d 551 (9th Cir. 2000).  The Court wrote,

> Had the alleged insufficiency of the evidence been specifically pointed out to the court by motion [for a judgment of acquittal] made at the close of evidence[,] the court could have permitted the government to reopen and put [the witness] back on the stand to testify. . . .  Indeed one of the salutary purposes of the motion for judgment of acquittal is to give the court the opportunity to correct error at the time and on the spot.

Id. (citing United States v. Davis, 583 F.2d 190, 195-96 (5th Cir. 1978) (cited approvingly in United States v. Tisor, 96 F.3d 370, 380 (9th Cir. 1996)).

---

[2] The government's request to reopen testimony was initially based on a mistaken belief that it had inadvertently elicited incorrect testimony in one of its re-direct examinations.  Upon further examination of the Court Reporter's draft transcript, both parties agreed that the witness's testimony was true and accurate. However, the government continues to believe that the questions government counsel asked were misleading, and requests leave to supplement the record.

1    A district court has broad discretion in determining whether to

2  allow the government to reopen its case for the purpose of

3  introducing testimony and evidence, including evidence that would

4  otherwise leave the jury with a misleading impression that such

5  evidence is lacking.  See Zenith Radio Corp. v. Hazeltine Research,

6  Inc., 401 U.S. 321, 331 (1971) ("a motion to reopen to submit

7  additional proof is addressed to [the trial judge's] sound

8  discretion"); United States v. Suarez-Rosario, 237 F.3d 1164, 1167

9  (9th Cir. 2001); United States v. Sisack, 527 F.2d 917, 919 (9th Cir.

10 1975) (quotation marks omitted) (citing cases).

11    United States v. Sisack, an analogous Ninth Circuit case, is

12 instructive here.  In Sisack, at the close of the government's case,

13 defense counsel moved for a judgment of acquittal because the

14 government had produced no evidence of a federal grand jury's

15 authority to investigate local police conduct.  The court took the

16 motion under submission and subsequently, over defense objection,

17 granted the government's motion to reopen the case for further direct

18 examination of a witness who had testified in the prosecution's case

19 in chief.  The witness was allowed to testify for the first time

20 regarding a topic not inquired about on direct examination.  Id. at

21 920-21.

22    The Ninth Circuit affirmed the district court's decision to

23 reopen the case, finding there was "clearly" no abuse of discretion.

24 Id. at 920.  In so holding, the Court articulated three factors to be

25 considered when reviewing a district court's decision to reopen:

26 (1) the possibility of undue emphasis to the newly admitted

27 additional testimony; (2) the timeliness of the motion; and (3) the

28

3

1  materiality of the additional testimony.  Id. at 919-20 (citing Eason
2  v. United States, 281 F.2d 818, 822 (9th Cir. 1960)).

3       While the Ninth Circuit has found that reopening testimony could
4  be improper, it has rarely done so, and those cases are
5  distinguishable.  For example, in Eason v. United States, 281 F.2d
6  818 (9th Cir. 1960), the defendant-appellant complained on appeal
7  that he should have been permitted to reopen testimony.  There,
8  closing statements had been given and the case had been submitted to
9  the jury, which had already been deliberating for hours.  In fact,
10  defendant-appellant's desire to reopen the case was spurred by a
11  question from the jury, and he wished to elicit testimony from a
12  witness to respond to the jury's question.  The trial court declined
13  to exercise its discretion and reopen the case, and the Ninth Circuit
14  found there was no abuse of discretion there.  Id. at 821-22; see
15  also Sisack, 527 F.2d at 919-20 (distinguishing Eason).  Indeed, the
16  Ninth Circuit has held that a district court did not abuse its
17  discretion when it allowed the government to reopen its case over a
18  defendant's objection after closing arguments and jury instructions
19  had already been given.  See United States v. Vroman, 904 F.2d 711,
20  711 (9th Cir. 1990) (unpublished); see also United States v.
21  McQuisten, 795 F.2d 858, 863 (9th Cir. 1986) (allowing prosecutors to
22  reopen to admit exhibit, even in the absence of a witness)
23  (unpublished).

24       **B.   Analysis**

25       The Sisack factors weigh in favor of allowing the government to
26  briefly reopen its case.  Here, as in Sisack, there is little
27  likelihood here of undue importance given to the expected testimony.
28  Proceedings before the jury concluded on Friday, October 27, 2023

1  with Special Agent Moore's testimony.  If permitted to reopen, the

2  government would seek testimony from Special Agent Moore, the witness

3  who testified most recently before the jury.  And the topic of some

4  of the expected testimony — Mr. Sherwood's communications with the

5  defendant during the time charged in the indictment — was precisely

6  the subject of Special Agent Moore's testimony right before the case

7  closed.  Thus, it may very well appear to the jury that the testimony

8  sought is merely a continuation of the previous day's trial.

9      The government's motion to reopen was timely because it was made

10  right after the Rule 29 motion was granted, which itself was granted

11  immediately after the close of the prosecution's case.  See, e.g.,

12  United States v. Cuesta, No. 1:06-CR-40 AWI, 2007 WL 2729853, at *11

13  (E.D. Cal. Sept. 19, 2007), aff'd, 286 F. App'x 358 (9th Cir. 2008)

14  (unpublished).  And the evidence sought to be introduced is clearly

15  material; "defense conceded as much when it moved for a judgment of

16  acquittal on the basis that the government's case-in-chief lacked

17  such evidence."  Sisak, 527 F.2d at 920.

18  **IV.  CONCLUSION**

19      For the foregoing reasons, the government respectfully requests

20  that this Court permit the government to briefly reopen its case to

21  introduce two exhibits and seek testimony from Special Agent Moore.

5